## MARY J. BELL, APPELLANT, *v.* DAVID McMASTER, RESPONDENT.

*Will — opinion of a layman as to the sanity of the testator — what questions may be put to him — his opinion must be founded wholly upon his own observation.*

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury.

This proceeding was instituted to have the will of Hugh S. Dunn admitted to probate. It has been tried three times, once before the surrogate, and twice before a jury. Each of the three trials resulted in a decision sustaining the will. The verdict on the first jury trial was set aside for error in the exclusion of evidence ; the proponents having been successful in all the trials in the courts of first instance.

The court at General Term said : " Several exceptions appear to

the exclusion of evidence. Witnesses for proponents testified to acts and conduct of the deceased and their intercourse with him, and that the impression made on the witness by such acts was that the deceased was rational. On cross-examination contestant's counsel asked the witnesses, "If you had known of his breaking out in a prayer meeting with obscene language, wanting to go to an infant school after he was seventy years of age, claiming to be in love with a young girl, would that knowledge have influenced the impression mentioned as received by you?" "Would you regard those as signs of mere eccentricity?" Both questions were excluded, and to such rulings contestants excepted. The witnesses were laymen, not experts; none had testified to the facts assumed in the questions, though such facts did appear by the evidence of other witnesses. The rulings complained of were correct. A layman (except an attesting witness) cannot testify to an opinion on the general question whether the mind of the testator was sound or unsound, but only on the impression produced by what he witnessed. (*Clapp* v. *Fullerton*, 34 N. Y., 190; *Hewlett* v. *Wood*, 55 id., 634.) An answer to the questions put would in no wise have tended to contradict or limit the witness' previous statement as to what that impression actually was at the time. Besides an answer would have been purely speculative. Neither the witness nor anyone else can say what effect such information would have had on his impressions. The question put to the witness Shields was, if admissible at all, one of that class of disparaging questions which are asked for the purpose of discrediting a witness and rest in the discretion of the trial judge. (*People* v. *Casey*, 72 N. Y., 393; *Allen* v. *Bodine*, 6 Barb., 383.)

"The court below properly refused to allow the opinion of the General Term on the facts of the case rendered on a prior appeal to be read to the jury. The jury were to decide the issues on their own convictions, not on the opinion or belief of the appellate court."

*S. Chittenden*, for the appellant.

*Martin J. Keogh*, for the respondent.

Opinion by Cullen, J.

Present — Barnard, P. J , Dykman and Cullen, JJ.

Judgment affirmed, with costs.